IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DANIEL DARROUGH**,

**Plaintiff,**

v.

**LTI TRUCKING SERVICES, INC.,**
and **MICHAEL RUNK,**

**Defendants.**                                                              No. 12-0024-DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is plaintiff's motion to remand (Doc. 5). Defendants oppose the motion (Doc. 10). Based on the following, the Court denies the motion to remand.

On November 16, 2011, Daniel Darrough filed a six-count complaint against LTI Trucking Services, Inc. ("LTI Trucking") and Michael Runk in the Madison County, Illinois Circuit Court (Doc. 2; Exhibit A). Darrough's complaint alleges negligence, negligent hiring/retention, negligent training, negligent supervision, and negligent entrustment. The complaint alleges that Runk was employed with LTI Trucking. The complaint also alleges that on April 2, 2010, Runk, while operating a LTI Trucking tractor-trailer, rear ended Darrough while he was driving his 2005 Chevy Trailblazer.

On January 10, 2012, defendants removed the case to this Court based on diversity jurisdiction contending that the parties are diverse in that plaintiff is a citizen of Arkansas and that defendants are citizens of Missouri (Doc. 2). Thereafter, plaintiff moved to remand arguing that removal was improper based on the forum defendant rule because LTI Trucking is an Illinois citizen as it has its principal place of business in Illinois (Doc. 5).

## II. Analysis

A defendant may remove to federal court a case filed in state court if the federal court would have had jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009). However, the forum defendant rule, an exception to this general rule, provides that, where diversity jurisdiction under 28 U.S.C. § 1332(a) is the basis for original federal jurisdiction, the case is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

"In diversity cases, removal jurisdiction was designed to protect nonresident defendants from any perceived prejudice or preference of the state court regarding the resident plaintiffs." 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.03; *see also Galva Foundry Co. v. Heiden,* 924 F.2d 729, 730 (7th Cir.1991) (noting that diversity jurisdiction's "main contemporary rationale is to protect nonresidents from the possible prejudice that they might encounter in local courts"). The forum defendant rule reflects the notion that there is no concern about

favoritism by local courts towards a nonresident plaintiff, so there is no need to protect a resident defendant by allowing resort to federal court. *See* 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.14[2][e][i] ("Given that the purpose of diversity jurisdiction is to provide litigants with an unbiased forum by protecting out-of-state litigants from local prejudices, it makes no sense to allow an in-state defendant to take advantage of removal.").

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur,* 577 F.3d at 758 (citing *Doe v. AlliedSignal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993)).

Here, Darrough relies on the forum defendant rule to argue that defendants' removal was improper in light of LTI Trucking being an Illinois citizen as its principal place of business is in Illinois. Darrough claims that the multiple filings with various state governments (Missouri, Illinois, and Tennessee) by LTI Trucking indicate that its principal place of business is in Illinois.[1] Most significantly, Darrough argues is the filing with the Missouri Secretary of State just two days before the commencement of this suit in which LTI Trucking continued to assert to the government that its principal place of business was in Illinois. LTI Trucking counters that it is a Missouri corporation with its principal place of business in Missouri, thus removal was proper. LTI Trucking maintains that its officers direct,

---

[1] The documents submitted by plaintiff show LTI Trucking's principal place of business or corporate headquarters as 1024 Eagle Park Road, Madison, Illinois 62060

control and coordinate the corporation's activities from its Missouri headquarters, therefore, Missouri is now and was a the time the action was filed the principal place of business of LTI Trucking.

Here, the Court finds that LTI Trucking has sustained its burden of establishing that removal was proper. The term "principal place of business" in the federal diversity jurisdiction statute "refers to the place where a corporation's officers, direct, control and coordinate the corporation's activities," in other words the corporation's nerve center. *Hertz Corp. v. Friend*, — U.S.— , 130 S.Ct. 1181, 1192-1193 (2010). The submissions from plaintiff (the LTI corporate registration documents) do not establish Illinois as the corporate nerve center of LTI. *See Hertz*, 130 S.Ct. at 1195 (the mere filing of a form listing a corporation's principal executive offices would not, without more, be sufficient proof to establish a corporation's nerve center for diversity jurisdiction purposes.). However, LTI Trucking submitted unchallenged affidavits that demonstrate that its center of direction, control and coordination, the "nerve center" is located in St. Louis, Missouri and not in Illinois. According to these documents, all corporate officers, including the President, Nicholas Civello, have their sole offices in St. Louis, Missouri and all corporate activities are directed from that office. The records further suggest that on April 1, 2011, LTI Trucking changed its corporate headquarters and principal place of business from 1024 Eagle Park Road, Madison, Illinois to 411 North Tenth Street, St. Louis, Missouri – more than six months before this lawsuit was filed. Clearly, LTI Trucking is a Missouri corporation with its principal place of business in Missouri,

thus, the Court finds that removal was proper as the forum defendant rule is not applicable in this case.

### III. Conclusion

Accordingly, the Court **DENIES** plaintiff's motion to remand (Doc. 5).

**IT IS SO ORDERED.**

Signed this 4th day of April, 2012.

David R. Herndon
2012.04.04
16:18:57 -05'00'

**Chief Judge**
**United States District Court**